May 30th, 1904.

———————o———————

## No. 3437.

(Court of Appeal, Parish of Orleans.)

## EDWARD KLEINERT vs. EUGENE DUPRE.

1. In order to pay a mortgage note then due, the tender at the place of payment of a check and of an amount insufficient in

capital and accrued interest is not the real tender required by law. C. P. 407.

2. In the absence of any special agreement to the contrary, the executory proceedings authorized by the act of mortgage securing the note, to recover the amount of said note in capital, interest accrued to and including the last day of grace, attorney's fees and costs will not, under the facts of this case, be stayed by injunction.

Appeal from Civil District Court, Division C.

Wm. A. Collins, for plaintiff and appellee.

Chas. Louque, for defendant and appellant.

BEAUREGARD, J.    Appellant on the 22d of July, 1902, subscribed to a one year's mortgage note of $3671.30, bearing 6 per cent. per annum interest from date till paid "at the office" of the notary, Wm. Andrew Collins, and providing in case of suit for non-payment when due for 10 per cent. attorney's fees on the amount sued for and costs.

On expiration of the days of grace (July 27, 1903), the maker defaulting, suit was brought the next day to foreclose and have the property (fully described in the pleadings) sold.

These proceedings were stayed by injunction; and the plaintiff in injunction with leave of Court deposited in its registry the total amount of the note with accrued interest (exclusive of that for the days of grace) amounting to $3891.58 which, defendant in injunction, was by consent, permitted to withdraw.

The judgment of the Court a qua dissolved the injunction, and allowed a continuance of the executory proceedings in so far as were concerned the unpaid attorney's fees, the contested interest and the costs of the proceedings.

From this judgment the defendant (and plaintiff in injunction) has appealed.    It appears that on the 22d of July, 1903, a runner of the Teutonia Bank called at Notary Collins' office to pay said note, holding a check for that purpose.    Owing to some previous disagreement existing between said notary and the maker of the note, the former declined to grant any favors, on the following ground: That the tender by check is not a legal tender; and that the amount of the check was not correct; and further, that the note was not in his possession and that he did not know who was the holder thereof and that he might or might not look up said holder.

On expiration of the days of grace, on July 27, 1903, no one calling to pay said note, and acting under alleged instructions the notary, as stated above, on the next day brought suit to foreclose.

The notary's statement that he was not in possession of the note was not a waiver of the illegality of the kind of tender made; he was not called upon to look up the mortgage debtor's note as a convenience to the latter. The note was made payable at his office on a certain day, and a payment was tendered there insufficient in amount and in such shape as to be legally invalid. So was the full amount due at expiration of the year and deposited in Court amounting to $3891.58, instead of $3894.58 which comprised interest accrued on the days of grace and up to July 27, 1903.

That interest is due for the days of grace stands to reason, unless otherwise stipulated. Story on Promissory Notes. Sec. 215 pg. 293. Anderson's Dicty. of Law, verbo. Days of Grace. "Demand is made on the last day and interest is charged on all the days."

The record fails to show that between the holder of the note and the maker thereof, there existed any agreement preventing the former to institute suit for recovery of the amount due on its non-payment.

Further, there is nothing to contradict the notary's statement that he is not the holder of the note; and his right to the fee for collection is undeniable.

The following views of the District Judge are correct, viz:

"In order to avoid liability for attorney's fees stipulated in the act of mortgage there should have been a tender in money and of a sum sufficient to discharge the debt and with interest."

"A tender by check and of an amount less than the full amount of the debt and interest will not suffice."

"The holder of a negotiable note is under no obligation to demand payment thereof elsewhere than at the place at which it is made payable even though he knows that a presentation elsewhere will procure a prompt payment. To avail a defendant is a discharge from liability, for costs, etc., a deposit made in Court must be of the full amount demandable, so where such deposit does not include interest to the day thereof (where no previous tender has been made) the defendant remains still liable for costs, etc."

The judgment appealed from is affirmed.

May 30, 1904.

Rehearing refused June 23, 1904.

Writ granted by Supreme Court, August 3rd, 1904.